RUDOLPH et al., Commissioners of District of Columbia, v. WARWICK et al.

(Court of Appeals of District of Columbia. Submitted December 10, 1925. Decided February 1, 1926.)

No. 4262.

District of Columbia ⊂⇒12—Commissioners of District held not authorized to open minor street in manner contemplated.

Code, § 1608, authorizing commissioners of District to open minor streets "through a square or block from one street to another," does not authorize commissioners to open a street running through the corners of two squares and across a proposed street in such a manner as to totally destroy work of highway commission, under Act Feb. 23, 1905, in view of Highway Extension Act March 2, 1893, and Act Aug. 24, 1894.

Appeal from the Supreme Court of the District of Columbia.

Eminent domain proceeding by Cuno H. Rudolph and others, Commissioners of the District of Columbia, against Minnie E. Warwick and others, to condemn land for opening of minor street. From an order dismissing petition, the Commissioners appeal. Affirmed.

F. H. Stephens and J. C. Wilkes, both of Washington, D. C., for appellants.

Louis Ottenberg, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

10 F.(2d)—63

VAN ORSDEL, Associate Justice. This appeal is from an order of the Supreme Court of the District of Columbia, dismissing a petition filed by the commissioners of the District for the condemnation of land for the opening of a minor street, known as Highland avenue, between Piney Branch road and Eighth street projected.

It appears from the official plat, incorporated in the record, that, at the point where Highland avenue intersects Piney Branch road, Piney Branch road is a street 33 feet in width, with provision under the highway plan, as adopted, to widen it to a width of 120 feet. The land embraced within the extension of the width of Piney Branch road is still in private ownership. The right of way of Highland avenue, as proposed, extends from Piney Branch road westward to Cedar street, and, crossing Cedar street in a triangular direction, extends on westward to its intersection with Eighth street. At the points where Highland avenue crosses Cedar street and intersects with Eighth street, the title to the land embraced within these streets has not been acquired for public use. In other words, its eastern terminus is on a road which, according to the highway plan, is to be widened from 33 feet to 120 feet, and its western terminus is on a proposed street, according to the highway plan, which has not been opened, and in respect of which no steps have been taken to acquire title to the land for public use.

This proceeding was brought under section 1608, and those immediately following, of the District of Columbia Code, authorizing the commissioners to institute condemnation proceedings for the opening of minor streets, under conditions not important to be considered, excepting a single proviso "that a minor street shall be of a width of not less than forty feet nor more than sixty feet and shall run through a square or block from one street to another."

The sole question here presented is whether Highland avenue, as proposed, meets the requirements of the above act. Does it extend "through a square or block from one street to another"? From the foregoing description, as shown by the plat, it is apparent that Highland avenue, as proposed, does not extend from one completed street to another. Piney Branch road is largely a proposed street, and Eighth street, at the point of intersection, is likewise merely a proposed street.

By the provisions of the Act of Congress of March 2, 1893, 27 Stat. 532, known as the Highway Extension Act, the commissioners

were required to prepare a plan for a permanent system of highways throughout the District of Columbia, exclusive of the cities of Washington and Georgetown, and to cause to be prepared a map of the same showing the boundaries, and the dimensions of the streets, avenues and roads, established by them with authority to name all streets, avenues, alleys and reservations, laid out or adopted under the provisions of the act.

By a later Act of August 24, 1894, 28 Stat. 501, the commissioners were authorized to open minor streets, not less than 40 feet, nor more than 60 feet, in width, extending through a square from one street to another, "whenever in the judgment of said commissioners the public interests require it." But this authority to open minor streets must be exercised in conformity with the conditions already existing and established. The conditions existing at the point where it is proposed to open Highland avenue, shows two squares—3173, bounded by Cedar street proposed, Piney Branch road as proposed to be widened, Dahlia street, in part a publicly owned and in part a proposed street, and the proposed extension of Eighth street; block 3171, bounded by Cedar street proposed, Piney Branch road as proposed to be widened, Butternut street, an existing street, and Eighth street, at this point an established street. Highland avenue, as proposed, extends through neither of these blocks in its entirety. It extends through the northeast corner of block 3171, triangularly across Cedar street, and through the southwest corner of square 3173. It is settled that these projected streets according to the highway plan are proper boundaries for the respective squares. Hazard v. Blessing, 2 F.(2d) 916, 55 App. D. C. 114.

The Act of Congress of February 23, 1905, 33 Stat. 737, entitled "An act to designate parcels of land in the District of Columbia for the purposes of assessment and taxation, and for other purposes," specifically directs the commissioners to number the blocks and squares for the purposes of assessment accordingly as they have been formed by the highway extension plan, then on record in the office of the surveyor of the District of Columbia. It provides: "That in all cases where two or more blocks or parts of contiguous existing subdivisions are surrounded as a group by existing streets or roads, or by proposed streets of the highway extension plan, such group shall be numbered as a block or square upon the recorded plats of the highway extension plan." Section 2.

By this act, Congress expressly provided for the official division of land, in that portion of the District affected by the act, into blocks or squares bounded by existing streets or proposed streets as laid out on the highway extension plan. This act, and section 1608 and following sections of the Code, relating to the opening of minor streets, and condemnation for that purpose, became laws on the same day. Congress, therefore, must have had in mind the squares and blocks to be created and platted under the Highway Extension Act. We have no doubt that the commissioners, in condemnation proceedings for the opening of a minor street, are limited to the conditions established on the highway extension plan. They may condemn land for the opening of a minor street through a block or square from an existing street to an existing street, or from an existing street to a proposed street, as shown in the highway plan, or from such a proposed street through a square or block to another proposed street, if such a thing could be conceived as practicable.

But that is not what is here contemplated. The right of way for Highland avenue, as sought to be condemned, extends from an existing street, or one that may be considered as such for the purposes of this case, to a proposed street; but instead of running through a block or square, as authorized by the statute, it runs through the corners of two squares and across a proposed street in such a manner as to totally destroy the work of the highway commission, as far as squares 3171 and 3173 and the proposed extension of Cedar street is concerned. We must deal, of course, with the law and the situation as we find it, and in the present status of the squares and streets there is no authority of law for the attempted condemnation.

The distinction sought to be made by counsel for the District, between a block and a square, is of no consequence in the consideration of this case. The squares and streets as laid out in the highway plan are clearly defined on the plat before us, and the legal authority for the condemnation and opening of Highland avenue must depend upon the conditions at present existing. Reason and common sense must be applied in carrying out the provisions of the act. It is inconceivable that Congress had in mind a situation like the present, when enacting the provision for the opening of minor streets. The language is clear, and we think that Congress intended its application where a block or a square is so large that it will be to the pub-

lic advantage to divide it by a minor street, and in running such a street through a square or a block it clearly means between the streets on opposite sides of the block or square, leaving rectangular, instead of triangular, blocks or squares.

The judgment is affirmed, with costs.